NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NELSON EDENILSON RIVERA-NAVARRO; JIMMY ABRAHAM RIVERA-CANEGUS, | No. 16-71450 |
| Petitioners, | Agency Nos. A206-731-383 / A206-731-382 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Nelson Edenilson Rivera-Navarro and Jimmy Abraham Rivera-Canegus,

natives and citizens of El Salvador, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

_____

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8

U.S.C. § 1252. We review for substantial evidence the agency's factual findings.

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de

novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d

733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners

failed to establish that they were or would be persecuted on account of a protected

ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's

"desire to be free from harassment by criminals motivated by theft or random

violence by gang members bears no nexus to a protected ground"); *see also INS v.*

*Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some*

evidence of [motive], direct or circumstantial"). Thus, petitioners' asylum and

withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because

petitioners failed to show that it is more likely than not they would be tortured by

or with the consent or acquiescence of the government if returned to El Salvador.

*See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' contentions that the agency violated their due process rights fail.

*See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**